### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

NO. 03-11194

U.S. COURT OF APPEALS
# FILED
JAN  6 2005

CHARLES R. FULBRUGE III
CLERK

**BRUCE CARNIEL WEBSTER**

*Petitioner,*

-v-

**UNITED STATES OF AMERICA**

*Respondent.*

## MOTION TO ABATE PROCEEDINGS

Petitioner, **BRUCE CARNIEL WEBSTER**, through undersigned counsel,

believing that sufficient grounds exist to abate the current proceedings in this Court

would respectfully show the Court as follows:

### I.

On June 20, 1996, Mr. Webster was sentenced to <u>death</u> in the United States District

Court for the Northern District of Texas– Fort Worth Division.  The District Court denied Mr.

Webster's Amended Motion to Vacate Conviction and Sentence on the 30th day of

September, 2003, but granted a certificate of appealability as to several issues.  Mr.

Webster sought a certificate of appealability in this Court on additional issues.  The Court

denied Mr. Webster's request for a certificate of appealability on additional claims on December 7, 2004. Petitioner's brief on the issues which were granted a certificate of appealability is currently due to be filed on January 18, 2005.

## II.

The jurisprudence and statutory authority is unclear whether Mr. Webster must seek a writ of certiorari from this Court's denial of his request for a certificate of appealability at this time or seek a writ of certiorari on all issues should this Court overrule his pending claims. If Mr. Webster's petition for a writ of certiorari must be filed from the denial of his request for a certificate of appealability, it is due on March 7, 2005. The undersigned counsel sought direction from the statutory authority and the best known commentaries, as well as nationally known legal authorities. No authority is in agreement on this issue.

The undersigned counsel contacted the Clerk's Office at the United States Supreme Court. Deputy Clerk Troy Cahill understood the current predicament but could offer no guidance. It was agreed that the best route to ensure consideration of Mr. Webster's claims was to timely file a petition for writ of certiorari from the denial of the date this Court denied his request for a certificate of appealability. Thus, Mr. Webster's petition for writ of certiorari is due March 7, 2005.

## III.

The current state of this litigation will therefore require Counsel to litigate Mr. Webster's claims in this Court and the Supreme Court simultaneously. If the Supreme Court sustains any of the claims in Mr. Webster's first petition for writ of certiorari, it is possible that this Court will be required to review Mr. Webster's claims at least three occasions (should it deny relief on the claims currently being briefed), or four occasions (should the Supreme Court reverse on Mr. Webster's second petition for writ of certiorari).

## IV.

Mr. Webster would show this Court that the current situation may be avoided if the Court exercises its power to abate the current proceedings before it until the Supreme Court addresses the issues in Mr. Webster's petition for writ of certiorari. In the Court takes this action it may then address all claims at the conclusion of the Supreme Court's review of Mr. Webster's petition. Such action will avoid simultaneous litigation and conserve the Court's judicial resources.

Respectfully submitted,

GARY TAYLOR
State Bar No. 19691650
P.O. Box 90212
Austin, Texas 78709-0212
(512) 301-5100
(512) 233-2953 (fax)

PHILIP WISCHKAEMPER
SNUGGS & WISCHKAEMPER
State Bar No. 21802750
915 Texas Avenue
Lubbock, TX 79401
(806) 763-9900

# CERTIFICATE OF DELIVERY

I herein certify that a true and correct copy of the above and foregoing was delivered to Delonia Watson, Assistant U.S. Attorney, at the United States Attorney's Office in Fort Worth, Texas by United States Mail, Certified Mail, Return Receipt Requested.

_1/05/05_
Date

Gary Taylor

# CERTIFICATE OF CONFERENCE

On this the 5th day of January, 2005, my co-counsel, Phil Wischkaemper, contacted attorney for Respondent, Delonia Watson, who indicated that Respondent will OPPOSE this motion.

Gary Taylor