ORIGINAL

NO. 03-11194

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BRUCE CARNIEL WEBSTER,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

U.S. COURT OF APPEALS
**FILED**

AUG 2 4 2005

CHARLES R. FULBRU~~ III
CLERK

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

# Unopposed Motion
# for Appointment of Counsel

TO THE HONORABLE 5th CIRCUIT COURT OF APPEALS:

Comes now, Philip Wischkaemper, counsel for Bruce Webster, and files this Motion requesting the Court appoint additional counsel for Petitioner, as an indigent, and respectfully would show the Court:

## I

The undersigned attorney was appointed by the Honorable Terry Means of the Ft. Worth Division of the Northern District of Texas on 11-29-99. Gary Taylor was appointed at the same time and was designated as lead counsel. At that time, both Counsel were in private practice and primarily engaged in the representation of defendants accused or already convicted of capital crimes.

## II

In the summer of 2001, Counsel Wischkaemper was offered a position as Capital Resource Counsel for the Texas Criminal Defense Lawyers Project, a project of the Texas Criminal Defense Lawyers

Association. (TCDLA)  The position was created pursuant to a grant from the Texas Court of Criminal Appeals made available to the court through the Fair Defense Act passed by the Texas Legislature that same year.  At the time, Wischkaemper had one trial level capital case pending and 5 post-conviction capital cases pending.  The agreement with TCDLA at the time of employment was that counsel would withdraw from the trial level case and be allowed to retain the post conviction cases with the understanding that any work done on them would need to be done on evenings, weekends or time would have to be taken off for that purpose.  Over the years, the 5 post-convictions cases have been reduced to three with Webster being one of those.  With the amount of time invested in the cases and building a relationship with the client, it seemed only fair to the client and the courts to try to remain on the cases until conclusion.

Since September 1, 2001, Counsel Wischkaemper, along with TCDLA partners, has been responsible for training, education, resources and technical assistance for all attorneys in Texas who represent citizens accused of capital crimes.  It is a full time job requiring 40 hours a week.  Although counsel has, over the years, been able to manage the work load, it was with the assistance of a very capable lead counsel who knew the facts, the issues and the law of the case as well.  Additionally, having worked several cases with Taylor, counsel knew one another's respective styles and were able to work well with each other to a common goal.

In July, 2005, lead counsel, Gary Taylor was offered and accepted an offer to work for the Federal Public Defender in Las Vegas Nevada in their Habeas section.  Taylor submitted a motion to withdraw in this case which was granted on July 22, 2005.  Within that same motion, Taylor requested of the court that Michael Charlton be appointed to assist remaining counsel with this case. That part of the motion was denied.

### III.

This court's opinion in this case issued August 11, 2005 denied relief to Webster.  As a result, a tremendous amount of work must be accomplished within the relatively short time limits allowed by the rules to preserve and prosecute Webster's claims both before this court and, if necessary, the United States Supreme Court.  Counsel is ready, willing and able to remain on the case but needs the assistance of learned

counsel to assist in the preparation and prosecution of these claims due to the seriousness of the possible penalty and the uniqueness and complexity of habeas litigation. Counsel is of the opinion that without assistance, he will not be able to properly represent Mr. Webster during the remainder of his proceedings.

## IV.

Counsel therefore, requests that this court appoint Mr. Michael Charlton of El Prado, New Mexico to assist Counsel Wischkaemper with Webster's case. Mr. Charlton has worked with former counsel Taylor and counsel Wischkaemper on other cases in the past and is already familiar with the facts and issues in this case by virtue of having consulted with counsel informally in the past. Mr. Charlton is also well versed in the litigation of claims regarding mental retardation as are present in this case. He is licensed before this court and the United States Supreme Court and would be a logical choice to replace counsel Taylor in Mr. Webster's case. Because of the time constraints on Counsel Wischkaemper , it will be virtually impossible for him alone to render adequate representation in this case without the requested assistance of additional counsel.

## Prayer

WHEREFORE, premises considered, Mr. Webster respectfully requests that the Court grant this Motion to appoint Michael Charlton of El Prado, New Mexico as co-counsel for Petitioner in this matter.

**PHILIP WISCHKAEMPER**
Attorney at Law
915 Texas Ave
Lubbock, Texas 79401
(806) 76?-9900
State Bar No. 21802750

By: _____
        Philip Wischkaemper
        Texas Bar No.  21802750

# Certificate of Conference and Service

I, Philip Wischkaemper do hereby certify that a true and correct copy of the foregoing document has been served on Assistant United States Attorney, Delonia Watson, by first class mail on August 22, 2005 ; further, that I previously, on August 17, 2005 conferred with Delonia Watson, regarding this motion and she indicated she did not oppose this motion.

**Philip Wischkaemper**