## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

BRUCE CARNIEL WEBSTER     X

                           X

V                            X    CAUSE NO. 03-11194

                           X

UNITED STATES OF AMERICA     X

U.S. COURT OF APPEALS

F I L E D

SEP 3 0 2005

CHARLES R. FULBRUGE III
CLERK

### AGREED MOTION FOR EXTENSION OF TIME

### TO FILE A MOTION FOR REHEARING AND MOTION FOR REHEARING *en banc*

Comes now the Appellant, Bruce Carniel Webster to ask this Court to extend the deadline for filing his Motion for Rehearing and Motion for Rehearing *en banc* for the following reasons:

I.

Mr. Webster is a death sentenced inmate whose Motion for a Panel Rehearing and Motion for Rehearing *en banc* is due October 10, 2005. Counsel has conferred with Delonia Watson of the United States Attorney's Office and ascertained that she is unopposed to the relief sought in this motion.

II.

As good cause for this request, counsel would show the Court that in the summer of 2001, Counsel Wischkaemper was offered a position as Capital Resource Counsel for the Texas Criminal Defense Lawyers Project, a project of the Texas Criminal Defense Lawyers Association. (TCDLA) The position was created pursuant to a grant from the Texas Court of Criminal Appeals made available to the court through the Fair Defense Act passed by the Texas Legislature that same year. At the time, Wischkaemper had one trial level capital case pending and 5 post-conviction capital cases pending. The agreement with TCDLA at the time of

*Unopposed motion for ext. of time to 10/31/05
to file motion for rehearing is GRANTED IN PART,
Motion for reh'g to be filed by 10/25/05.*

*[initials] 10/3/05*

employment was that counsel would withdraw from the trial level case and be allowed to retain the post conviction cases with the understanding that any work done on them would need to be done on evenings, weekends or time would have to be taken off for that purpose. Over the years, the 5 post-convictions cases have been reduced to three with Webster being one of those. With the amount of time invested in the cases and building a relationship with the client, it seemed only fair to the client and the courts to try to remain on the cases until conclusion.

Since September 1, 2001, Counsel Wischkaemper, along with TCDLA partners, has been responsible for training, education, resources and technical assistance for all attorneys in Texas who represent citizens accused of capital crimes. It is a full time job requiring at least 40 hours a week. Although counsel has, over the years, been able to manage the work load, it was with the assistance of a very capable lead counsel who knew the facts, the issues and the law of the case as well. Additionally, having worked several cases with Taylor, counsel knew one another's respective styles and were able to work well with each other to a common goal.

In July, 2005, lead counsel, Gary Taylor was offered and accepted an offer to work for the Federal Public Defender in Las Vegas Nevada in their Habeas section. Taylor submitted a motion to withdraw in this case which was granted on July 22, 2005. Within that same motion, Taylor requested of the court that Michael Charlton be appointed to assist remaining counsel with this case. That part of the motion was denied. Mr. Taylor was, however, allowed to withdraw.

As lead counsel, Mr. Taylor was more familiar with the posture of the case and the issues involved, especially over the last four years. Although present counsel has worked on the case within the last four years, the work done was at the direction and leadership of Mr. Taylor with Mr. Taylor devising overall strategy and overseeing all of the final product. As a result, Mr.

Taylor's departure has left present counsel playing "catch-up" to some degree.

On August 22, 2005, Just before hurricane Katrina struck New Orleans, Counsel Wischkaemper filed an Unopposed Motion for Appointment of Additional Counsel. Understandably, that motion has not yet been ruled on. Counsel has, however, to the best of his ability begun the process of researching and writing his Motions for Rehearing but because of the constraints enumerated above, has fallen short and needs both additional time and additional assistance to complete the task. Therefore, counsel is asking this court to extend the time for filing his Motions for Rehearing until October 31, 2005.

Additionally, counsel requests the court appoint additional counsel as previously requested to assist in the work necessary to protect the rights of Appellant, Webster.

# Prayer

WHEREFORE, premises considered, Mr. Webster respectfully requests that the Court grant this Motion and extend the time for filing his Motion for Rehearing and Motion for Rehearing *en banc* until October 31, 2005.

**PHILIP WISCHKAEMPER**
Attorney at Law
915 Texas Ave
Lubbock, Texas 79401
(806) 761-9900
State Bar No. 21802750

By: _____
        Philip Wischkaemper
        Texas Bar No. 21802750

# Certificate of Conference and Service

I, Philip Wischkaemper do hereby certify that a true and correct copy of the foregoing document has been served on Assistant United States Attorney, Delonia Watson, by first class mail on September 29, 2005 ; further, that I previously, on September 28, 2005 conferred with Delonia Watson, regarding this motion and she indicated she did not oppose this motion.

**Philip Wischkaemper**